UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRAIG LAMM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:14-CV-156-RLM |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Plaintiff Craig Lamm brought this action for judicial review after the Commissioner of Social Security denied his application for disability insurance benefits. Before this court made a decision, the parties jointly moved to remand the case to the Commissioner for further proceedings. Mr. Lamm ultimately prevailed and was awarded approximately $97,017 in past-due benefits: $81,552 for disability, and an additional $15,465 as an auxiliary benefit for his son, Nicholas Lamm. The Social Security Administration withheld $20,388 (25% of $81,552) for attorney's fees, and from that amount, Thomas Scully (who represented Mr. Lamm at the administrative level) received $9,506.91 in fees. Mr. Lamm's counsel, Barry Schultz, has received $3,277.97 for the services he provided under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Mr.

Schultz's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is before the court.

An attorney who successfully represents a claimant in federal court can receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The combination of fees awarded under Sections 406(a) and 406(b) can't exceed twenty-five percent of the past-due benefits awarded, Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004), and while fees can be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Shultz asks the court to authorize attorney fees in the amount of $14,747.34, representing the difference between his twenty-five percent contingent fee agreement with Mr. Lamm (25% of $97,017, or $24,254.25) and fees the Administration had paid to attorney Thomas Scully under 42 U.S.C. § 406(a) ($9,506.91). This amount isn't within the parameters of § 406(b) because the Administration only withheld attorney fees from Mr. Lamm's $81,552 benefit

award, not from his $15,465 auxiliary benefit. At the very most, Mr. Lamm is entitled to $10,881.09, the amount the Administration withheld ($20,388.00) minus the $9,506.91 in fees paid to Thomas Scully.

Although $10,881.09 is roughly 13 percent of Mr. Lamm's benefit award, the court must determine whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809. The government hasn't objected to Mr. Schultz's request. In addition, Mr. Schultz has nearly 40 years experience in Social Security disability claims and 99 percent of his practice is devoted to representing Social Security disability claimants. $10,881.09 equates to an effective rate of $643.85 per hour ($10,881.09/16.9 hours), and is reasonable in light of the result achieved in this case and the contingent nature of the recovery. Without the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation. *See* McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) (internal citations omitted).

After remand to the agency, the court awarded Mr. Schultz fees in the amount of $3,277.97 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Fee awards can be made under both the EAJA and Section 406(b), but the claimant's attorney must refund the amount of the smaller fee. Gisbrecht v.

Barnhart, 535 U.S. at 796. Mr. Schultz has agreed that he will refund the EAJA award of $3,277.97 to Mr. Lamm.

Accordingly, the court GRANTS the motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. No. 28] and AWARDS fees in the total amount of $10,881.09, to be paid directly to Barry Schultz of the Law Offices of Barry A. Schultz, PC, 1601 Sherman Ave Ste 500, Evanston, IL 60201-3753. The court further ORDERS Mr. Shultz to refund to Mr. Lamm the sum of $3,277.97, which represents the amount of EAJA fees already paid to Mr. Schultz and now credited to Mr. Lamm.

SO ORDERED.

ENTERED:   December 4, 2017

/s/ Robert L. Miller, Jr.
Judge, United States District Court